UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV21-3-V
(5:04CR5-01-V)

| | |
|---|---|
| MARVIN HAROLD WITHERSPOON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Relief of Judgment Order Federal Rules of Civil Procedure 60(b)(1) Mistake, Inadvertence Surprise or Excusable Neglect" filed April 23, 2009 (Doc. No. 26.)

## I. Procedural History

A review of the record reflects that on November 8, 2004 Petitioner pled guilty pursuant to a written plea agreement, to Count Two of the Superceding Indictment which charged him with having induced, and aided and abetted the inducement of, a person under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been transported in interstate commerce, in violation of 18 U.S.C. §§ 2251(a) and 2. On June 21, 2005 this Court sentenced Defendant to 120 months imprisonment to be followed by 3 years supervised release. The Judgment was entered on July 12, 2005. Petitioner did not file an appeal.

On February 22, 2007 Petitioner filed a Motion to Vacate (Doc. No. 1) alleging that: (1)

1

the Government committed prosecutorial misconduct and committed a Brady error by not disclosing that the victim and key witness against him was found to be mentally incompetent prior to Petitioner pleading guilty; (2) his attorney was ineffective for failing to request a competency hearing for the victim and (3) his attorney was ineffective for advising Petitioner not to file a motion to suppress evidence found pursuant to a search of his residence.

On November 12, 2008 this Court denied and dismissed Petitioner's § 2255 motion in an eleven page Order. (Doc. No. 16.) In his Motion to Vacate Petitioner argued that his 2255 motion should be considered timely pursuant to 28 U.S.C. 2255(4) because the evidence upon which he based his motion was not discovered until February 23, 2006 when Petitioner learned that there was a previous adjudication on the record finding the Kenneth Derrick Hoyle, the government's key witness against Petitioner, incompetent. The Government conceded that Petitioner's first two claims related to the incompetency of the victim were timely pursuant to the "newly discovered evidence." However, the Government argued that the third claim, that his counsel was ineffective for failing to file a motion to suppress evidence seized from Petitioner's home was not timely as it did not relate to the "newly discovered evidence" related to the incompetency of witness Hoyle. This Court agreed and dismissed Petitioner's third claim as untimely. (See Doc. No. 16.)

Petitioner appealed this Court's Order on November 24, 2008 and raised this specific claim with respect to the timeliness of Petitioner's ineffective assistance of counsel claim related to counsel's failure to file a motion to suppress evidence found pursuant to a search of Petitioner's residence. (See Fourth Circuit Docket 08-8484, Doc. No. 6 at 5.) The Fourth Circuit Court of Appeals dismissed Petitioner's appeal in an unpublished opinion dated January 26,

2009, (Doc. No. 21), and issued its mandate on March 20, 2009 (Doc. No. 24.)

On April 26, 2009 Petitioner filed the instant motion in which he continues to argue that his third claim should have been construed as timely. The Petitioner has had all the review to which he is entitled in that the Fourth Circuit considered and rejected this specific claim on appeal. Therefore, this Court is without jurisdiction to consider Petitioner's claim unless he seeks and is granted an order authorizing the district court to consider this claim. 28 U.S.C. § 2244 (b)(3)(A).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's motion is dismissed because the Fourth Circuit Court of Appeals has already considered and rejected Petitioner's specific claim and Petitioner has not sought an order from the Fourth Circuit Court of Appeals authorizing this court to consider a successive petition. 28 U.S.C. § 2244 (b)(3)(A).

**SO ORDERED**.

Signed: May 4, 2009

Richard L. Voorhees
United States District Judge